**SO ORDERED.**

**SIGNED this 8 day of November, 2013.**



_____
**James D. Walker, Jr.
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NO. 13-52080-JDW |
| BRITTNEY HART, | ) | |
| | ) | |
| DEBTOR. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

<u>COUNSEL</u>

For Trustee:   Laura Wilson
               Post Office Box 954
               Macon, Georgia 31202

For Movant:    Daniel Wilder
               544 Mulberry Street, Suite 800
               Macon, Georgia 31201

For Codebtor:  Joshua Johnson, pro se
               1305 Biscayne Way
               Macon, Georgia 31204

**MEMORANDUM OPINION**

This matter comes before the Court on Professional Financial Services' motion for relief from the codebtor stay. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(O). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

Professional Financial Services filed a motion for relief from the codebtor stay as to Joshua Johnson, who is not a bankruptcy debtor. On March 8, 2013, Debtor and Mr. Johnson entered into a contract for the purchase of a 2007 Chevrolet Equinox, to be repaid at an interest rate of 24%. Debtor filed her bankruptcy petition on August 8, 2013. Professional filed a proof of claim in the amount of $9,101.34. Debtor's Chapter 13 plan provides for payment of the claim in full with 5% interest.[1]

Professional seeks codebtor stay relief against Mr. Johnson to recover the difference between the plan rate of interest and the contract rate. Mr. Johnson, who is Debtor's former fiancé, filed a response to the motion asking that stay relief be denied. The Court held a hearing on the motion on September 30, 2013, at which Professional appeared through counsel and Mr. Johnson appeared pro se. Debtor has not made an appearance in this matter.

Having considered the facts and relevant legal authorities, the Court will grant Professional's motion to the extent it seeks to recover from Mr. Johnson contract interest not

---

[1] The Chapter 13 Trustee recommended confirmation at a hearing held on October 28, 2013. However, the Court has not yet entered an order confirming the plan.

provided for in the plan.

## Conclusions of Law

At issue in this case is whether Professional is entitled to codebtor stay relief over the objection of the codebtor when the Chapter 13 plan does provide for all interest due under the loan agreement. The codebtor stay is governed by 11 U.S.C. § 1301, which provides in relevant part as follows: "(c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor to the extent that– ... (2) the plan filed by the debtor proposes not to pay such claim[.]" 11 U.S.C. § 1301(c)(2) (emphasis added).

The Court has previously considered this issue in the context of plan confirmation. In re Jackson, No. 12-10757, 2012 WL 6623497 (Bankr. M.D. Ga. Dec. 18, 2012) (Walker, J.). In Jackson, the Court said:

> The reference in § 1301(c)(2) is to the "claim" generally, not to the "allowed claim." This distinction is important. See Southeastern Bank v. Brown, 266 B.R. 900, 905 (S.D. Ga. 2001). Under 11 U.S.C. § 502(b)(2) an "allowed claim" may exclude unmatured interest. By contrast, under § 101(5)(A), a "claim" includes any right to payment, including unmatured interest at the contract rate. Id. Because § 1301(c) refers to a "claim" rather than an "allowed claim," the Court may lift the codebtor stay to allow a creditor to collect any contract interest not provided for in the plan. Id. at 906.

2012 WL 6623497, at *2. To rule otherwise would extend bankruptcy protection to a nonfiler. Although a codebtor derives some incidental benefit from the codebtor stay, its purpose is to protect the debtor. See Brown, 266 B.R. at 908. As a non-bankruptcy debtor, Mr. Johnson remains bound by his contractual obligations and is not subject to the other benefits conferred by

4

§ 502(b)(2) and the provisions of Chapter 13. See H. Rept. No. 95-595, at 426 (1977), reprinted in 1978 U.S.C.C.A.N. 1963 ("The protection [of the codebtor stay] is limited, however, to ensure that the creditor involved does not lose the benefit of the bargain he made for a cosigner. He is entitled to full compensation, including any interest, fees, and costs provided for by the agreement under which the debtor obtained his loan. ... The creditor is delayed, but his substantive rights are not affected."). Thus, Mr. Johnson remains personally liable for all unpaid contractual amounts due, including interest at the contract rate.[2]

In this case, Professional has a "claim" that includes interest at 24%. Because the plan provides for payment of interest at 5%, Professional is entitled to codebtor stay relief for purposes of collecting the amount of contractual interest not provided for in the plan. Mr. Johnson asks the Court to deny stay relief because he is unable to pay the additional interest. However, the language of the statute leaves no room for such equitable considerations. The statute requires the Court to grant stay relief when the debtor's plan does not provide for payment of the claim in full. Therefore, the Court will grant Professional's motion.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT

---

[2] The car also remains liable for the unpaid interest to the extent of the codebtor's ownership interest in the car. Jackson, 2012 WL 6623497, at *3-4. Accord Faulkner v. CEFCU (In re Faulkner), No. 07-81412, Adv. No. 12-8069, 2013 WL 2154790, at *5 (Bankr. C.D. Ill. May 17, 2013); Brooks v. General Motors Acceptance Corp. (In re Brooks), 340 B.R. 648, 654 (Bankr. D. Maine 2006); In re Leonard, 307 B.R. 611, 614 (Bankr. E.D. Tenn. 2004).